**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES J. O'HAGAN,

          Appellant,

v.

NORTHWEST FARM CREDIT
SERVICES, FLCA,

          Appellee.

No. 14-35142

D.C. No. 3:12-cv-06007-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, SILVERMAN, and GRABER, Circuit Judges.

     James J. O'Hagan appeals pro se from the district court's decision affirming

the bankruptcy court's order granting Northwest Farm Credit Services, FLCA's

motion for contempt based on violations of the automatic stay.  We have

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 158(d). We review de novo a district court's decision on appeal from a bankruptcy court, and apply the same standard of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court did not abuse its discretion by finding O'Hagan in contempt for violating the automatic stay because O'Hagan openly admitted to taking possession of estate property and refused to cease state court litigation in an effort to obtain an interest in the property. *See Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1190 (9th Cir. 2003) (a party seeking an order of contempt has the burden to show by clear and convincing evidence that the contemnor violated the automatic stay (citation and internal quotation marks omitted)).

The bankruptcy court did not abuse its discretion by denying O'Hagan's recusal request because O'Hagan did not demonstrate any basis for recusal. *See Marshall v. Marshall (In re Marshall)*, 721 F.3d 1032, 1041 (9th Cir. 2013) (a bankruptcy court judge must recuse him or herself when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned" (citation omitted)); *see also Liteky v. United States*, 510

U.S. 540, 555 (1994) (explaining that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

O'Hagan's pending motions and requests are denied.

**AFFIRMED.**